**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

-vs-                                      **Case No.  6:13-cv-549-Orl-19TBS**

**MICHAEL J. FOX,**

                **Defendant.**

_____

# ORDER

This case comes before the Court on the unopposed Motion for Summary Judgment and Memorandum of Law filed by Plaintiff United States of America (Doc. No. 12, filed May 13, 2013).

## PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2013, the United States of America ("Plaintiff") filed its Complaint against Michael J. Fox ("Defendant") to collect a student loan debt in the amount of $53,917.73 (the "Indebtedness"), and administrative costs and attorneys fees. (Doc. No. 1.) With the Complaint, Plaintiff submitted a Certificate of Indebtedness. (Doc. No. 1-1.) On May 6, 2013, the Defendant filed his Answer, denying any "knowledge of any student loan disbursements on or about 03/08/2001" and alleging that "all student loans were paid to a collection agency on or about 2009." (Doc. No. 9.)  Defendant also requested that the Court appoint counsel to represent him in this action. (Doc. No. 10.)  The Court denied the request for appointment of counsel in an Order dated May 9, 2011. (Doc. No. 11.)

On May 13, 2013, the Plaintiff filed a Motion for Summary Judgment. (Doc. No. 12 (the "Motion").) On May 14, 2013, the Court entered an Order notifying the parties that the Court would take the Motion under advisement on June 13, 2013. (Doc. No. 13.) The Court further advised that

prior to June 13, 2013, Defendant may file affidavits within the purview of Federal Rule of Civil Procedure 56 in opposition to the Motion. (*Id.*) The Court warned that "[f]ailure to oppose the Motion for Summary Judgment may result in Judgment for movant without further proceedings." (*Id.*) To date, Defendant has not opposed the Motion or provided the Court with any evidence in opposition to the sworn Statement of Material Facts by Steven M. Davis, Esq. and other documents submitted by the Plaintiff. For the reasons set forth below, the Court will grant the Motion.[1]

## LEGAL STANDARDS

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *e.g. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

---

[1] The Eleventh Circuit Court of Appeals has explained that a district court cannot base the entry of summary judgment "on the mere fact that the motion was unopposed, but rather, must consider the merits of the motion." *U.S. v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.* The district court must review all of the documents submitted with the motion for summary judgment and must "ensure that the motion itself is supported by evidentiary materials." *Id.* at 1101-02. If these materials raise a genuine issue of material fact, summary judgment cannot be granted. *Id.* at 1103.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the non-moving party and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).

## ANALYSIS

In support of its Motion, Plaintiff submitted a Statement of Facts sworn to by Steven M. Davis Esq. (the "Statement"), and a Certificate of Indebtedness sworn to by Peter LaRoche (the "Certificate"), who is a Loan Analyst for the Department of Education (the "Department"). (Doc. No. 12 at 5-7.) According to the evidence submitted by Plaintiff, on March 8, 2001, Defendant executed a promissory note to secure a direct consolidation loan from the Department (the "Loan"). On April 12, 2001 the Loan was disbursed for $10,918.26 and $17,196.32, at an interest rate of 8.25% per annum. The Defendant defaulted on his payment obligations on February 22, 2002, and a total of $172.04 in unpaid interest was capitalized and added to the principal balance. The Department has credited payments to the principal balance owed in the amount of $1,705.00. Thus, Plaintiff has submitted evidence that on May 13, 2013, the total amount owed by Defendant on his Loan was $54,678.56 (the Principal Amount of $28,286.62, plus $26,391.94 of interest). (Doc. No. 10.) Interest accrues on the unpaid principal balance at the rate of $6.39 per day. (Doc. No. 12 at 7.)

Based upon the record evidence, the Court finds that: (1) Defendant obtained the Loan of $28,114.58 for the purpose of consolidating his education debt; (2) Defendant defaulted on the Loan; and (3) since his default, Defendant's debt arising from the Loan has grown to more than $54,678.56, and it continues to increase at a rate of $6.39 per day. Defendant has not challenged the record evidence submitted by the Plaintiff, nor has he submitted any evidence to the Court. FED.R.CIV.P. 56(c)(2). And, Defendant has cited no legal authority to support the few allegations in his Answer. *United States v. Pelletier*, No. 8:08-CV-2224, 2009 WL 800140, *3 (M.D. Fla. Mar. 24, 2009) (granting summary judgment under similar circumstances). Accordingly, the Court will grant the Motion. *United States v. Carter*, No. 12-12923, 2013 WL 27626, *3 (11th Cir. Jan. 2, 2013) (affirming grant of summary judgment, but remanding for further proceedings concerning the amount of interest awarded and the award of attorney fees); *e.g.*, *United States v. Johnson*, 845 F.Supp. 864, (M.D. Fla. 1994) (granting summary judgment against defendant).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

(1) The Motion for Summary Judgment and Memorandum of Law filed by Plaintiff, the United States of America (Doc. No. 12, filed May 13, 2013) is **GRANTED**;

(2) Within **TEN DAYS** from the date of this Order, Plaintiff shall submit a proposed form of Final Judgment accompanied by evidentiary and legal support for any requested award of costs, attorneys fees, or other charges.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June _27___, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record